CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN BRUSCHI and GLORIA BRUSCHI,

No. 1:12 -CV- 00838-DNH- CFH

VS

KLI, INC., f/k/a KELLER LADDERS, INC., ET AL

---

IT IS HEREBY ORDERED that, Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable **Christian F. Hummel**, United States Magistrate Judge on ___September 26___, _2012_ at 10:30 a.m. at the United States Courthouse, Room No_____, at _____Albany_____, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting **or** not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

1) **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the __1st__ day of __December__, __2012__.

2) **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the __1st__ day of __December__, __2012__.

3) **DISCOVERY:** All discovery in this action shall be completed on or before the __1st__ day of _____June_____, __2013__. (Discovery time table is to be based on the complexity of the action)

4) **MOTIONS:** All motions, including discovery motions, shall be made on or before the __15th__ day of _____August_____, __2013__. (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)

Form Date - 06/13/2007

5) **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the  15th   day of September        ,  2013    . It is anticipated that the trial will take approximately _____ days to complete. The parties request that the trial be held in  Albany        , N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

6) **HAVE THE PARTIES FILED A JURY DEMAND:** [✓](YES) / [ ](NO).

7) **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**
Yes.

8) **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**
Plaintiff alleges injuries from a fall from a ladder manufactured by either KLI Inc. f/k/a Keller Ladders, Inc. or Werner Company. Plaintiffs asserted causes of action sounding in strict products liability; negligence; breach of warranty; failure to warn and a derivative claim for loss of services. Defendants' affd defenses are: culpable conduct; assumption of risk; misuse/modification of product et al

9) **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
The factual issues in dispute are the cause of Plaintiff's fall from the subject ladder, whether the ladder manufactured and sold by Defendants was defective and whether this defect caused Plaintiff John Bruschi to sustain a severe fracture to his ankle.

10) **CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**
At this time, it is not anticipated that the issues can be narrowed by agreement. The issues may be narrowed on a motion for summary judgment.

11) **WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**
Prior to removal, the plaintiffs filed a supplemental demand seeking Seven Hundred Fifty Thousand ($750,000.00) Dollars as monetary damages.

12) DISCOVERY PLAN:

### A. Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before
December 1, 2012.

### B. Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:
Discovery will be needed to determine the cause and nature of plaintiff's injuries. Discovery will also be needed to determine the manner in which the subject ladder was manufactured and distributed.

### C. Discovery Sequence

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

It is anticipated that the parties will complete paper discovery as soon as possible followed by the depositions of all parties. It is not anticipated that discovery will be in different stages.

### D. Written Discovery

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

Prior to removal, plaintiffs provided responses to defendants' written discovery demands and served demands upon defendants. The parties seek leave of the Court to adopt the state action discovery demands and responses. The interrogatories served by defendants in the state action, and responded to by plaintiffs exceed the limits set by Rule 33. The parties request leave of the Court for approval and adoption of these documents.

E.   **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

It is anticipated that defendants will take the deposition of plaintiff and any witnesses to the purported fall. Likewise, it is anticipated that plaintiffs will depose at least one witness from the defendants regarding the manufacturing process, design process, engineering aspects of the subject ladder and distribution of the subject ladder. At this point, the parties do not anticipate calling any non-party witnesses, but reserve their right to do so.

F.   **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

At this time, there are no anticipated issues regarding the retention or disclosure of expert witness information.

G.   **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

At this time, while the parties have engaged in limited paper discovery, there has been no agreement regarding electronically stored information. If, and when such issues arise, the parties shall make such agreement as is appropriate under the circumstances.

### H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties do not anticipate requesting a protective order.

### I. Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

Presently, the parties do not anticipate any discovery related issues requiring court intervention.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

At this time, it is not anticipated that the parties can reduce the length of trial.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

There are no related cases.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**
Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**



1 -- 2 -- 3 -- 4 -- 5 -- 6 -- 7 -- 8 -- 9 -- 10
(VERY UNLIKELY)→ → → → → → → → → → (LIKELY)

CANNOT BE EVALUATED PRIOR TO  completion of depositions  (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

It is unknown at this time how or in what manner settlement efforts can be assisted.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.

[ ] ARBITRATION

[✓] MEDIATION

[ ] EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ at _____ and was attended by:
(Date)              (Place)

_____ for plaintiff(s)

_____ for defendant(s) _____
(party name)

_____ for defendant(s) _____
(party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.*

Case Management Plan
Form Date - 06/13/2007